**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID E. OLSON; ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation for the use and benefit of David E. Olson, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MARK O'BRIEN, a resident of Alaska; JAMES CANTOR, a resident of Alaska; RICHARD WELSH, a resident of Alaska, <br><br> Defendants-Appellees. | No. 18-35727 <br><br> D.C. No. 3:11-cv-00245-JWS <br><br> **MEMORANDUM**[*] |

Appeal from the United States District Court
for the District of Alaska
John W. Sedwick, District Judge, Presiding

Submitted June 12, 2019[**]
Anchorage, Alaska

Before:  TASHIMA, W. FLETCHER, and BERZON, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs-Appellants appeal from the district court's order granting in a motion to dismiss some of Plaintiffs-Appellants' claims, and a later order granting summary judgment in favor of Defendants-Appellees on their remaining claims. In its first order, the district court declined to dismiss Plaintiffs-Appellants' claim that "Defendants violated Plaintiffs's procedural rights in the administrative proceedings" based on issue preclusion; held that there was issue preclusion with regard to whether Plaintiffs-Appellants suffered substantive harm due to Defendant-Appellee's actions; and dismissed Plaintiffs-Appellants' state common law fraud claim for failure to plead with particularity. In its second order, the district court granted summary judgment against Plaintiffs-Appellants on all other claims. Among those claims was a claim under 42 U.S.C. § 1983 that Defendants-Appellees had violated Plaintiffs-Appellants' constitutional due process rights during proceedings before the Alaska Department of Transportation and Public Facilities.

Plaintiffs-Appellants appeal the district court's decision on their due process claim and their fraud claim. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the district court's dismissal order and summary judgment order de novo. *See, e.g.*, *John Doe 1 v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009).

2

Plaintiffs-Appellants' due process claim in their complaint is a claim under §

1983 for violation of constitutional due process.  In its second order, the district

court analyzed Plaintiffs-Appellants' § 1983 due process claim and granted

summary judgment for Defendants-Appellees on that claim.  The district court's

ruling encompassed the entirety of Plaintiffs-Appellants' constitutional due process

claim.  To the degree it mentioned the Alaska courts' holdings, it did so to explain

that any factual error made in the administrative proceedings was harmless.  The

district court correctly granted summary judgment on that claim.

We disagree with the district court's decision to dismiss Plaintiffs-

Appellants' state common law fraud claims for failure to plead with particularity.

However, we may "affirm the district court's dismissal on any ground supported

by the record." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir.

2014).  Based on the facts alleged in the complaint, there was no fraud.  Under the

alleged facts, there was no false representation of fact, knowledge of the falsity of

the representation, intention to induce reliance, justifiable reliance, or resulting

damages.  *See Shehata v. Salvation Army*, 225 P.3d 1106, 1114 (Alaska 2010).

**AFFIRMED.**

3